UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LINO BRINDIS PEREZ,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2451

Honorable Jane M. Beckering

______________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility located in Calhoun County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.13.)

In an Order entered on August 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the August 14, 2026, bond hearing on September 3, 2026. (Resp., ECF No. 5; Recording of Aug. 14, 2026, Bond Hearing, filed on Sept. 3, 2026.) Petitioner filed his reply on September 9, 2026. (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2004. (Pet., ECF No. 1, PageID.5.) On February 5, 2026, ICE arrested Petitioner. (*Id.*, PageID.6.)

On July 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Perez v. Raycraft* (*Perez I*), No. 1:26-cv-2083 (W.D. Mich.). In *Perez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Perez I*, (W.D. Mich. July 27, 2026), (ECF Nos. 5, 6).

On August 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.7.) At the conclusion of the August 14, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." (Immigration Judge Order, ECF No. 1-2, PageID.17.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on August 14, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v.*

*Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 23, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge